**UNITED STATES of America, Plaintiff-Appellee**

v.

**Brian WILLIAMS, Defendant-Appellant**

**No. 16-31064**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed August 21, 2017

Camille Ann Domingue, Assistant U.S. Attorney, Kelly Pomes Uebinger, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Louisiana, Lafayette, LA, Cristina Walker, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Louisiana, Shreveport, LA, for Plaintiff-Appellee

Wayne Joseph Blanchard, Assistant Federal Public Defender, Federal Public Defender's Office, Middle & Western Districts of Louisiana, Lafayette, LA, for Defendant-Appellant

Brian Williams, Pro Se

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM: *

Brian Williams appeals the 36-month sentence imposed following the revocation

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

of his supervised release for his conviction for possession of cocaine hydrochloride with intent to manufacture cocaine base. He argues that his sentence, which exceeds the range set forth in the nonbinding policy statements found in Chapter Seven of the Sentencing Guidelines but is within the statutory maximum, is unreasonable.

Preserved challenges to revocation sentences are reviewed under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Under this standard, this court first assesses whether the district court committed a significant procedural error, such as "selecting a sentence based on clearly erroneous facts," *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013) (internal quotation marks and citation omitted), and then considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," *Miller*, 634 F.3d at 843 (internal quotation marks and citation omitted).

Here, Williams adequately preserved his argument that the sentence imposed was greater than necessary to achieve the goals under 18 U.S.C. § 3553(a). He did not preserve, however, his specific argument that the district court relied on an erroneous fact when determining Williams's sentence; consequently, we review this issue for plain error only. *See Warren*, 720 F.3d at 326. To establish reversible plain error, Williams must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.*; *see Puckett v. United States*, 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). To show that the error affected his substantial rights, Williams must demonstrate that the error affected the outcome of the proceedings. *Warren*, 720 F.3d at 327. Even if Williams succeeds in making the requisite showing, this court will exercise its discretion to correct the error "only if it seriously affected the fairness, integrity, or public reputation of the judicial proceeding." *Id.* (internal quotation marks and citation omitted).

Williams asserts that the sentence imposed is unreasonable because the district court relied on an erroneous fact, namely that Williams's criminal history category was IV. Williams's assertion is belied by the record. The record reveals that the district court merely misspoke when it stated that Williams's criminal history category was IV. The district court referred more than once to the correct advisory range of imprisonment, three to nine months, that was applicable because Williams's criminal history category was I. Additionally, the district court stated that it had "reviewed the entirety of [Williams's] file," and Williams's file correctly states that Williams's criminal history category was I.

Furthermore, Williams cannot show that he would have received a lesser sentence but for the alleged error. *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010). Accordingly, Williams has not demonstrated plain error with respect to his challenge to the procedural reasonableness of the sentence imposed upon revocation. *See Warren*, 720 F.3d at 326-27.

Williams next contends that the above-guidelines revocation sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals of § 3553(a). While Williams disagrees with the district court's assessment of a proper sentence, his disagreement does not demonstrate that the district court's sentence was plainly unreasonable. *See Warren*, 720 F.3d at 332. The district court made an individual assessment based

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on Williams's history and characteristics, the need for adequate deterrence, and the need to protect the public. *See Gall v. United States*, 552 U.S. 38, 49-51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *Miller*, 634 F.3d at 844. The 36-month term of imprisonment was within the statutory maximum. *See* 18 U.S.C. § 3559(a)(1); § 3583(e)(3); 21 U.S.C. § 841(a)(1), (b). This court "routinely" upholds revocation sentences that exceed the advisory range but fall within the statutory maximum. *See United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009). Williams has failed to demonstrate that his sentence was plainly unreasonable. *See Warren*, 720 F.3d at 326.

Accordingly, the judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.